IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH WALTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:23-cv-00978-D (BT) |
| | § | No. 3:95-cr-141-D-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Federal prisoner Keith Walton filed a *pro se* petition for a writ of *coram nobis* in which he attacks an expired sentence that this Court imposed in 1995. For the reasons below, the Court should deny Walton's petition and dismiss this action with prejudice.

**Background**

On July 19, 1995, a jury in the Northern District of Texas found Walton guilty of: (1) conspiracy to commit robbery in violation of 18 U.S.C. § 371; (2) robbery under the Hobbs Act and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2; and (3) using a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and (2). Crim. Docs. Nos. 13, 59, 65 at 137.[1] The § 924(c) charge was predicated on Hobbs Act Robbery and aiding and abetting

---

[1] Citations to documents from Walton's criminal case are preceded with "Crim. Doc. No." Citations to documents in this civil case are preceded with "Civ. Doc. No."

Hobbs Act Robbery. Crim. Doc. 13 at 7. On October 20, 1995, the Court sentenced Walton to 196 months' imprisonment. Crim. Doc. 59.

After Walton was released from prison, he committed a series of jewelry store robberies across Southern California. *See United States v. Walton*, 2021 WL 3615426, at *1 (9th Cir. Aug. 16, 2021). A jury in the Central District of California convicted him of conspiracy to commit Hobbs Act Robbery, Hobbs Act Robbery, and using a firearm during a crime of violence in violation of § 924(c), and the court sentenced him to 660 months' imprisonment. *See Walton v. United States*, 2022 WL 18278407, at *1 (C.D. Cal. Oct. 31, 2022). Part of that sentence, Walton alleges, was a mandatory 25-year term for the § 924(c) violation because of his prior § 924(c) conviction. Civ. Doc. No. 3 at 2.

In May 2023, Walton filed this application for a writ of *coram nobis*, arguing (1) that a recent Supreme Court case, *United States v. Taylor*, 596 U.S. 845 (2022), invalidates his 1995 conviction under § 924(c), and (2) that the First Step Act of 2018, § 403(a, b), Pub. L. No. 115-391, violates the Ex Post Facto Clause by amending § 924(c) and allowing the Central District of California court to "retroactively" use his § 924(c) conviction from 1995 to increase the mandatory minimum sentence for his subsequent § 924(c) conviction from 5 to 25 years.

The Government responded to Walton's petition. Civ. Doc. No. 10. Walton filed a reply. Civ. Doc. No. 11.

## Legal Standards

A writ of *coram nobis* is "an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction[.]" *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)); *see also United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (citing *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994)). A petitioner must show that a fundamental error justifies vacating his conviction and that sound reasons exist for his delay in seeking earlier relief. *See United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (*coram nobis* will issue only to correct errors of "the most fundamental character" and "sound reasons" must exist for failure to seek appropriate relief earlier) (quoting *United States v. Morgan*, 346 U.S. 502, 511-12 (1954)). A petitioner must also show that the error challenged is of a sufficient magnitude to justify the extraordinary relief sought—a "complete miscarriage of justice." *Jiminez*, 91 F.3d at 768 (citing *Castro*, 26 F.3d at 557); *see also Esogbue*, 357 F.3d at 535. A writ of *coram nobis* is available only when "no other remedy may be available." *See United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989); *see also Dyer*, 136 F.3d at 422.

The Supreme Court has noted that it "is difficult to conceive of a situation in a federal criminal case today where [the writ] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). The writ of *coram nobis* should

"not be used as a substitute for appeal and should only be employed to correct errors 'of the most fundamental character.'" *Dyer*, 136 F.3d at 422 (quoting *Morgan*, 346 U.S. at 512); *see also Esogbue*, 357 F.3d at 535. A writ of *coram nobis* also cannot be used to "override" § 2255's statute of limitations or to "circumvent" the restrictions that it imposes on unauthorized, successive motions. *Frasier v. United States*, 343 F. App'x 985, 86 (5th Cir. 2009) (per curiam). "In addition, a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *Dyer*, 136 F.3d at 422.

## Analysis

1. *Taylor* does not invalidate Walton's 1995 § 924(c) conviction.

Walton challenges his § 924(c) conviction from 1995. He relies on the recent Supreme Court decision in *Taylor*, which held that attempted Hobbs Act Robbery is not a crime of violence and is therefore insufficient to support a § 924(c) conviction. *See Taylor,* 596 U.S. at 852. But Walton's § 924 conviction was predicated on a substantive, completed Hobbs Act Robbery and aiding and abetting the same. The Fifth Circuit has held that Hobbs Act Robbery and aiding and abetting Hobbs Act Robbery are crimes of violence and sufficient to support a § 924(c) conviction—even after *Taylor*. *See United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 207 (2023) (Hobbs Act Robbery and aiding and abetting Hobbs Act Robbery are crimes of violence); *United States v. Madrid-Paz*, 2023 WL 7013354, at *2 (5th Cir. Oct. 24, 2023) (same). Thus, *Taylor* does not invalidate Walton's 1995 § 924 conviction.

4

Walton argues that the above analysis ignores the Supreme Court's instruction in *Taylor* that courts must take a "categorical approach" when determining what is a crime of violence under § 924(c). But Walton is mistaken about what the "categorical approach" analysis entails. As explained in *Taylor*, a "categorical approach" requires the court to ask, in determining whether a crime is a crime of violence under § 924(c), whether the "federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 596 U.S. at 850. As the Fifth Circuit has repeatedly held, Hobbs Act Robbery and aiding and abetting Hobbs Act Robbery are crimes of violence under the "categorical approach." *See, e.g.*, *Detsikou v. United States*, 2024 WL 3997493, at *4 (N.D. Tex. Aug. 29, 2024) ("Aiding and abetting Hobbs Act robbery is also a crime of violence.") (citing *Hill*, 63 F.4th at 363).

In sum, because Walton's 1995 § 924(c) conviction was premised upon a substantive Hobbs Act Robbery and aiding and abetting a substantive Hobbs Act Robbery, *Taylor* is inapplicable, and he is not entitled to *coram nobis* relief on this ground.

2. The Ex Post Facto Clause is inapplicable.

Walton also argues that the Ex Post Facto Clause invalidates his § 924(c) conviction because the First Step Act of 2018 amended § 924(c) and allowed the Central District of California Court to "retroactively" use his 1995 § 924(c) conviction to increase the mandatory minimum sentence for his subsequent §

5

924(c) conviction from 5 to 25 years. ECF No. 11 at 1-2. Walton's argument is unavailing.

"The Constitution forbids the passage of *ex post facto* laws, a category that includes every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh v. United States*, 569 U.S. 530, 532-33 (2013) (citation and internal quotation marks omitted). Retroactive application of a law violates the Ex Post Facto Clause only if it: (1) "punish[es] as a crime an act previously committed, which was innocent when done"; (2) "make[s] more burdensome the punishment for a crime, after its commission"; or "(3) deprive[s] one charged with crime of any defense available according to law at the time when the act was committed." *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).

Only the second category could apply here, but Walton does not explain, and it is not evident to the Court, how the First Step Act increased his punishment for the 1995 § 924(c) conviction.

Prior to the First Step Act, § 924(c) included a "stacking" provision that required a district court to impose consecutive sentences of 25 years' imprisonment for "'second or subsequent' convictions of the statute, even if those convictions occurred at the same time as a defendant's first conviction for violating the statute." *United States v. Lang*, 2023 WL 6065156, at *2 (E.D. La. Sept. 18, 2023). But now, only a defendant who has a prior final conviction under § 924(c) is subject to the escalating mandatory minimum sentences for a subsequent §

6

924(c) conviction. *See id.* (citing 18 U.S.C. § 924(c)(1)(C)). As the Fifth Circuit explained in *United States v. Gomez,* 960 F.3d 173, 177 (5th Cir. 2020), "[i]n other words, the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses. Now, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution." 960 F.3d at 176-177.

These amendments had no effect on Walton's 1995 § 924(c) sentence or that sentence's subsequent effect on his Central District of California sentence. The First Step Act did not change the fact that an offender who—like Walton—is convicted of a § 924(c) conviction after a prior § 924(c) conviction has become final, shall receive a mandatory sentence for the subsequent § 924(c) conviction. That was the law before the First Step Act, and it is still the law. The First Step Act did not increase the punishment for Walton's 1995 § 924(c) conviction, and his Ex Post Facto Clause argument lacks merit.[2][3]

---

[2] Even if a law increased the punishment for a subsequent § 924(c) conviction after the defendant was convicted of the predicate § 924(c) offense, this would not offend the Ex Post Facto Clause by increasing the punishment for the predicate offense because the enhanced punishment is for the subsequent offense. *See, e.g., Moffite v. Huffman,* 2023 WL 4924798, at *9 (S.D. Miss. July 10, 2023) ("The Supreme Court and Fifth Circuit have also long held that sentencing enhancements enacted after previous convictions but before instant convictions do not violate the Ex Post Facto clause.") (citing *Gryger v. Burke,* 334 U.S. 728, 732 (1948); *United States v. Rasco*, 123 F.3d 222, 227 (5th Cir. 1997)) (further citations omitted).

[3] The Government also argues that Walton's petition is untimely because he could have made the arguments presented here "during his criminal proceedings, on direct appeal, or under Section 2255." Civ. Doc. No. 10 at 5. Because Walton's petition is clearly meritless, the Court does not address this alternative argument.

7

## Recommendation

The Court should **DENY** Walton's petition for a writ of *coram nobis* and dismiss this case.

SO RECOMMENDED October 7, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](https://); [Fed. R. Civ. P. 72(b)](https://). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Servs. Auto. Ass'n](https://)*, 79 F.3d 1415, 1417 (5th Cir. 1996).